**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS MONTGOMERY
JACOBS,**

          **Plaintiff,**

          **v.**                           **CASE NO. 10-3145-SAC**

**KANSAS HIGHWAY
PATROLMAN DIVISION,**

          **Defendant.**

**MEMORANDUM AND ORDER**

This civil rights complaint, 42 U.S.C. § 1983, was filed by an offender in the custody of the Kansas Department of Corrections (KDOC)[1] housed temporarily at the Jackson County Jail, in Kansas City, Missouri apparently on a warrant for unrelated charges.

As the factual background for this action, Mr. Jacobs alleges as follows. On July 20, 2008, he was riding a motorcycle "and was being chased" by a Eudora Kansas law enforcement officer that he didn't know was after him. When the highway ended, he jumped off the bike and ran "because (he) was afraid and didn't want to go to jail." He came out of a corn field, and "walked into 20 or so law enforcement." He believes he was shot by a "223 rifle round" from a Kansas Highway Patrol (KHP) officer's weapon. The round went through his hand and "into his abdomen area with no exit wound," causing "great pain" since. No law enforcement officer reported shots fired at the scene on that day. He alleges that KHP officers

---

[1] On-line KDOC records indicate Mr. Jacobs had the following "active" criminal cases when this action was filed: Case No. 08-CR-1056 in which he was sentenced in Douglas County on April 15, 2009, for Flee/attempt to elude LEO and another offense that occurred on July 20, 2008; as well as Case No. 09-CR-2075 in which he was sentenced in Leavenworth County on January 15, 2010, for attempted battery and intentional bodily harm, offenses that occurred on August 9, 2009.

are "the only persons with 223 rifle rounds."

Plaintiff further alleges that he filed grievances in the Douglas County Jail, but "all officers including Kansas Highway Patrol denied shooting" him. He states that he was told in the Lawrence hospital "there was bullet," but after leaving the hospital there was no bullet in all doctor reports.

As Count I, plaintiff claims "excessive force by a law enforcement officer," citing "K.S.A. _____". He alleges in support that he was shot with a rifle. As Count II, he claims "Agg. Battery by law enforcement officer," citing "K.S.A. 3414".[2] In support, he alleges that the 223 rifle round left his abdomen and back "in great pain, where he can't work." As Count III, he claims his right to "due process of law" was "clearly violated in this case." He alleges in support that a law enforcement officer shot him "for no reason" and then did not report the shooting in a police report. Plaintiff also generally claims he is "having trouble getting jail and prisons to help" him with medical issues and pain.

Mr. Jacobs seeks millions of dollars in money damages for "emotional and mental distress" and pain as a result of the shooting. He also alleges that he is "lamed", cannot do what he used to with his body, and has limited use of his back.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

The fee for filing a civil rights complaint in federal court is

---

[2] The court assumes plaintiff is referring to K.S.A. 21-3414, which is a criminal statute that defines the felony of aggravated battery in Kansas. K.S.A. 21-3415 describes the crime of aggravated battery against a law enforcement officer. However, the Kansas Supreme Court has held that "the civil liability of a law enforcement officer" is "coextensive with his or her criminal liability." Dauffenbach v. City of Wichita, 233 Kan. 1028, 1037, 667 P.2d 380 (1983). K.S.A. 21-3215 governs a "law enforcement officer's use of force in making an arrest."

$350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve an inmate of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[3]

Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has been in KDOC custody since at least February 3, 2010, and possibly longer. He has not provided all entries from his prison and/or jail accounts for the requisite six-month period. It is his responsibility to obtain this information from each institution at which he was confined during the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2); see also Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007). This action may not proceed until Mr. Jacobs provides this financial information, which is required by federal statute. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of 28

---

[3] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined would be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Jacobs is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the Complaint contains the following deficiencies.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). The named defendant is "Kansas Highway Patrolman Division." This defendant is clearly subject to being dismissed for the reason that a division of the KHP is not a "person" subject to suit under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005). A Section 1983 lawsuit may be brought against "persons" acting under color of state

law, not the State, a county agency, or an entity.

Plaintiff asserts two Kansas statutes as the legal basis for his claims and generally asserts that his due process rights were violated. Claims that Kansas statutes have been violated or provide a remedy are state law claims. They are not claims of federal constitutional violation, and thus are not grounds for relief under Section 1983. The "Supreme Court has made clear that excessive force claims are evaluated under the Fourth Amendment standard of reasonableness, rather than the Fourteenth Amendment substantive due process standard." Graham v. Connor, 490 U.S. 386, 395, 396-97 (1989); see Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (Where a plaintiff alleges excessive force in violation of Fourth and Fourteenth Amendment, the claim is evaluated under Fourth Amendment standard of objective reasonableness.); Fry ex rel. v. Estate of Fry v. City of Galena, KS, 450 F.Supp.2d 1236. 1241 (D. Kan. 2006). If plaintiff is claiming excessive force that violated a state statute only, then he should have filed this action in state court. If he is claiming that his rights under the United States Constitution were violated, his claim of excessive force should be asserted under the Fourth Amendment and not the Due Process Clause. Plaintiff will be given time to file an Amended Complaint, in which he specifies that he is asserting a federal constitutional violation.

A plaintiff must name as defendant the individual who was personally responsible for his injuries. As plaintiff in this case, Mr. Jacobs must provide the full name, title, if any, and address of the defendant. Plaintiff apparently does not yet know the name of the individual who allegedly shot him. He states that he will hire

5

an attorney in October to help him discover that individual's name, and that he had to file this action without naming the individual because the two-year statute of limitations was about to expire.

When the plaintiff does not know the full name and address of the individual whose actions allegedly violated his federal constitutional rights, he is still responsible for providing sufficient identifying information regarding the individual so that service of process may be effectuated. Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, for the dismissal of a complaint which has not been served within 120 days of its filing. If service cannot be accomplished upon any defendant due to a lack of sufficient identifying information, the entire case is subject to dismissal.

At this point, Mr. Jacobs alleges that he believes he was shot by an individual law enforcement officer at a place and time where many officers from state and local agencies were present. A plaintiff may use a fictitious name such as "John Doe" to denote a defendant where the defendant's identity may be uncovered through discovery. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Plaintiff did not name the individual who shot him as a John Doe defendant and does not allege any facts suggesting that the shooting was the result of a State or municipal policy. Even if plaintiff would hereafter file an Amended Complaint naming the responsible state actor as a John Doe defendant, it appears from the face of the Complaint that this action is subject to immediate dismissal as barred by the applicable two-year statute of

limitations.[4] This is because a complaint naming a John Doe defendant is not sufficient to toll the statute of limitations as to the unknown defendant. Instead, courts have held that, in order to have been timely filed, a pleading designating the John Doe defendant <u>by name</u> must have been filed within two years of the occurrence of the events that are the subject of the lawsuit. <u>See e.g.</u>, <u>Hudson v. Nye</u>, 2006 WL 2290505 (S.D.Fla. Aug. 3, 2006).[5] Thus, where a plaintiff fails to discover the identity of a John Doe defendant or provide adequate notice of the lawsuit to the appropriate party prior to expiration of the limitations period, claims against that defendant have been dismissed. While there is some contrary authority, the majority rule is more persuasive under the circumstances of this case. <u>See e.g.</u>, <u>Hudson</u>, 2006 WL 2290505 at *5 (Court sua sponte dismissed as frivolous a pro se prisoner's complaints against two John Doe defendants pursuant to <u>Wayne v. Jarvis</u>, 197 F.3d 1098 (11th Cir. 1999), where plaintiff brought complaint on last day of statute of limitations and failed to discover the identity of the John Doe defendants prior to the expiration of the limitations period); <u>see also</u> <u>HMK Corp. v. Walsey</u>, 637 F.Supp. 710, 714 FN4 (E.D. Va. 1986)(citing <u>Schiff v. Kennedy</u>, 691 F.2d 196, 197 (4th Cir. 1982)); <u>Stratton v. City of Boston</u>, 731 F.Supp. 42, 45 (D. Mass. 1989)(claims against "certain unknown

---

[4] "A claim of excessive use of force by officers is governed by the 2-year statute of limitations in K.S.A. 60-513(a)(4), which provides that an action for injury to the rights of another, not arising on contract and not otherwise enumerated, must be brought within 2 years." <u>Swinehart v. City of Ottawa</u>, 24 Kan.App.2d 272, 276, 943 P.2d 942 (Kan.App. 1997)(citing <u>Oyler v. Finney</u>, 870 F.Supp. 1018, 1023 (D.Kan. 1994), <u>aff'd</u> 52 F.3d 338 (10th Cir. 1995); <u>Cowdrey v. City of Eastborough, Kan.</u>, 730 F.2d 1376, 1378 (10th Cir. 1984)).

[5] A copy of this unpublished opinion is attached, even though it is not cited for its precedential value.

officers" dismissed where plaintiffs could have inquired and obtained the names of police officers on duty at time of allegedly offensive conduct).

Plaintiff mailed the instant Complaint on July 9, 2010, and it was docketed on July 15, 2010, five days before the expiration of the statute of limitations on his claims. He cannot simply amend his complaint now to add a John Doe defendant and then, within the next 180 days, supply the actual identity of that defendant as he suggests. This is because the statute of limitations expired on July 20, 2010, without him having done so; and such an amendment would not relate back to the filing of his original complaint under Federal Rule of Civil Procedure 15(c). See Wayne, 197 F.3d at 1103 (a pro se inmate's amendment to a § 1983 complaint, to replace "John Doe" deputy sheriffs with specifically-named defendants, constitutes a change in the parties sued, rather than a mistake in the identity of a party and therefore does not relate back to the original complaint); Cf. and see, Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 200 (3rd Cir. 2001)(and majority rule cases cited therein). Mr. Jacobs would even more clearly be changing the party sued. Plaintiff's problem, like in Wayne, is that "he drafted and filed [his Complaint] close to the expiration of the statute of limitations and thereby waited too long before setting out to find crucial information that he needed to make his claims against the deputies." Wayne, 197 F.3d at 1104. Since plaintiff cannot provide sufficient information regarding the person who actually shot him, this lawsuit cannot be served on that person. He may not simply proceed against the "Kansas Highway Patrolman Division", when he has alleged no facts whatsoever to establish its

8

liability.

The court notes that plaintiff's claims of denial of due process and inability to get help with medical issues and pain are completely conclusory. He describes no acts on the part of a person named as defendant that violated his constitutional right to due process or medical treatment. More specifically, he has not named as defendant(s) the person or persons from whom he actually sought medical treatment, or alleged facts such as the date and location of his request(s), or described his serious medical needs for which he sought treatment. Furthermore, his claim of denial of medical treatment does not appear to be related to his claim of excessive force against the person who shot him. He makes no claim that the person who shot him was responsible for seeing that he is provided medical treatment while incarcerated. Thus, these claims do not appear to be properly joined in this single action. Mr. Jacobs may raise any claim of subsequent denial of medical treatment in a separate civil rights complaint naming the participating individual(s) as defendant(s).

Plaintiff is given sixty (60) days in which to show cause why this action should not be dismissed because he failed, within the two-year statute of limitations, to file a complaint that adequately identified as defendant the person who allegedly violated his constitutional rights. If he can make such a showing, he must also file an "Amended Complaint" that names a proper defendant and asserts a federal constitutional claim rather than violations of state statutes.[6]

---

[6] An "Amended Complaint" must be submitted upon forms provided by the court and comply with Rule 15 of the Federal Rules of Civil Procedure.

9

**OTHER MOTIONS**

Mr. Jacobs has recently notified the court that he will be released from custody on October 1, 2010. He moves for the court to "order address change" on that date (Doc. 6). A court order is not required to record an address change on the docket; however, an actual change of address is. It is plaintiff's responsibility to notify the court in writing at any time his address changes. If he fails to do so, mail to the last known address is considered notice.

Plaintiff has also filed a "Motion to be Excused from Copies" (Doc. 3). The court grants this motion, but only to the extent that electronic filing and automatic noticing of filing makes it unnecessary for plaintiff to send extra copies of what he files to the defendant. Plaintiff is still required to maintain copies of everything he submits to the court for his own purposes. Hand-written copies are acceptable, and machine-generated copies are not mandated.

With plaintiff's notice of impending release, he filed a Motion for extension of time of 180 days. It appears that he is actually requesting a stay of this action for that amount of time, as he alleges that he wants the time to hire an attorney for this case, get medical treatment, and deal with parole and five children. He further alleges that he will be working with doctors and have surgery if needed to "remove bullet for bulistics (sic) reasons in this case." The court construes this motion as a motion to stay this action for 180 days, and denies the motion as not stating sufficient grounds for a stay. However, the court will give Mr. Jacobs sixty days to file his response that is required in this Order.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of this action obtained from the appropriate official of each jail or prison at which he was confined during this time period to support his motion for leave to proceed without fees, or pay the filing fee of $350.00 in full.

**IT IS FURTHER ORDERED** that, assuming plaintiff has satisfied the statutory filing fee prerequisites in the time allotted, plaintiff is given sixty (60) days from the date of this Order to show cause why this action should not be dismissed for failure to name the proper defendant within the statute of limitations; and to file an "Amended Complaint" that cures the deficiencies in his Complaint discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to be Excused from Copies (Doc. 3) is granted as set forth herein; his Motion for Extension of Time (Doc. 5) is construed as a motion for stay and is denied; and his "Motion to Change Address" (Doc. 6) is denied.

The clerk is directed to send a copy of this Order and Section 1983 forms to Mr. Jacobs at his current address.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge