IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS MONTGOMERY
JACOBS,

          Plaintiff,

     v.                      CASE NO. 10-3145-SAC

KANSAS HIGHWAY
PATROLMAN DIVISION,

          Defendant.

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by plaintiff while he was in the custody of the Kansas Department of Corrections (KDOC). Mr. Jacobs claims he was shot by an unknown law enforcement officer for no reason while he apparently was attempting to elude capture or arrest. He seeks millions of dollars in money damages for "emotional and mental distress" and pain as a result of the shooting. He also alleges that he is "lamed", cannot do what he used to with his body, and has limited use of his back.

In its initial screening order, the court required Mr. Jacobs to submit a certified statement of his inmate account for the appropriate time period as required by statute to support his motion to proceed without prepayment of fees. Mr. Jacobs has responded that he is no longer an inmate, and has no record of his prison account. He further alleges that he is relying solely on Social Security, is unable to work, and has no funds to pay the

filing fee.  The court finds that plaintiff's Motion for Leave to Proceed in forma pauperis shall be granted based upon the financial information currently before the court.

The complaint submitted in forma pauperis in this case was properly screened by the court, and the court found and informed plaintiff of several deficiencies.  Because plaintiff is proceeding pro se the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, "[t]he broad reading of the plaintiff's Complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall, 935 F.2d at 1110.  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Even though plaintiff plainly stated in his complaint that he would hire an attorney in October to help him discover the allegedly culpable individual's name, he now alleges that he does not "know how to retain a lawyer for this case."  Mr. Jacobs does not allege any facts or provide any copies of letters showing that he has contacted even a single attorney or legal services organization and requested representation in this case.  He asserts that it is "the courts job to let people with no funds" file civil suits.  Mr. Jacobs was not prevented from filing this lawsuit even

2

though he did not satisfy the statutory fee at the time of its filing.

As Mr. Jacobs was informed in the court's screening order, it is the plaintiff's job to name the "person" he believes violated his constitutional rights as a defendant, or at the very least describe the person in sufficient detail so that he or she may be identified and located for service of process. The court is not authorized to act as plaintiff's attorney or to conduct an investigation to locate an unknown defendant. The court pointed out in its prior Order that plaintiff had not named or given notice to a proper defendant within the two-year statute of limitations period. Mr. Jacobs makes no argument and does not show cause as to why this action should not be dismissed on account of his failure to name or adequately describe the responsible individual so that service was accomplished in a timely manner. See Barrett v. Philpot, 356 Fed.Appx. 193, 198 (10th Cir. 2009). Mr. Jacobs' pro se status did not relieve him of this plaintiff's obligation. The court explained that even if plaintiff had named a "John Doe" defendant, he had not provided the identity of that defendant so that notice was provided within the statute of limitations. See Watson v. Unipress, Incl, 733 F.2d 1386, 1389 (10th Cir. 1984); Sassi v. Breier, 76 F.R.D. 487, 490 (D.Wisc. 1977). As the court reasoned in Sassi:

> While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a

3

> "John Doe" defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations.

Id. Plaintiff was advised that adding the individual as defendant after the limitations period expired could only be accomplished by the filing of an Amended Complaint that related back to the filing date of this complaint. Plaintiff did not respond and explain how the prerequisite for relation back, that the party added or substituted must have received notice of the institution of the lawsuit within the statute of limitations, could be met in this case. Plaintiff has provided no description of the person he claims caused his injuries and no additional facts showing any effort to obtain this information over the past two years, beyond his one letter to the Highway Patrol. He alleged in his complaint that numerous officers were at the scene from three different law enforcement organizations, that no bullet has been removed from his body, that no medical report indicated there was a bullet in his body, and that no law enforcement report was written regarding shots fired during his arrest. In short, plaintiff was given ample time to show cause why this action should not be dismissed because he failed, within the two-year statute of limitations, to file a complaint that adequately identified as defendant the person who allegedly violated his constitutional rights, yet he made no effort to address or respond to this deficiency.

In the original complaint the only named defendant is "Kansas Highway Patrolman Division." Plaintiff was informed that

he may not simply proceed against the "Kansas Highway Patrolman Division", when he has alleged no facts whatsoever to establish its liability.  He did not address or cure this deficiency in his Response.  This state agency is generally immune to suit for money damages, and plaintiff was informed in the screening order that this defendant was subject to being dismissed for the reason that a division of the KHP is not a "person" subject to suit under Section 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), aff'd in relevant part, 129 Fed.Appx. 406, 408 (10th Cir. 2005).  Plaintiff has not pleaded any additional factual content that would allow this court to reasonably draw the inference that the only named defendant, referred to in plaintiff's Response as "Kansas Highway Patrol", is liable for the misconduct alleged.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1944-47 (2009)(A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.); Sack v. Lowder, 951 F.2d 1260, (10th Cir. 1992)(Table)(The Tenth Circuit has "consistently held that bald conclusions, unsupported allegations of fact, are legally insufficient; and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing.")(cites omitted).

     Plaintiff has also made no effort to address the deficiency in his complaint that it appears to be based upon alleged

5

violations of state statutes. He was given ample time to file an "Amended Complaint" naming a proper defendant and asserting a federal constitutional claim. He did not comply and makes no argument justifying his failure to comply.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, for the dismissal of a complaint which has not been served within 120 days of its filing. Plaintiff filed this action on July 15, 2010. He did not file an Amended Complaint or provide information for service of process within that time limit.

Plaintiff has also failed to address the deficiencies found in his other claims regarding medical issues and pain including that they were completely conclusory, unrelated, and improperly joined.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted based upon the financial information currently before the court.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), (iii), without prejudice, for failure to sufficiently identify the individual alleged to have caused plaintiff's injuries in time for service within the statute of limitations, for failure to show cause within the time allotted why this action should not be dismissed, and for failure to file an "Amended Complaint" that cured the deficiencies in his Complaint as directed by the court.

**IT IS SO ORDERED.**

Dated this 15th day of December, 2010, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge